*In re* JAEHNE.

*(Circuit Court, S. D. New York.* June 11, 1888.)

BRIBERY—CONSTITUTIONAL LAW.

On *habeas corpus* by a petitioner who had been indicted, convicted, and imprisoned for bribery as alderman, under Pen. Code N. Y. § 72, for discharge on the ground that said section is unconstitutional as an *ex post facto* law, because. from the effect given it by section 2143 of the consolidation act, it repeals by implication section 58 of the latter act, prescribing a less punishment for such offense, *held*, that section 72 must be construed as prospective in its operation, and constitutional. Following *People* v. *O'Neill*, 16 N. E. Rep 68.

Petition for Writ of *Habeas Corpus*.
*Roger M. Sherman*, for petitioner.
*John R. Fellows*, Dist. Atty., and *A. R. Parker*, Asst. Dist. Atty., for the People.

BENEDICT, J. This is an application for a writ of *habeas corpus* to bring before this court Henry J. Jaehne, for the purpose of inquiring as to the legality of his detention in the state prison, where he is confined under a sentence of the supreme court of the state of New York. The petitioner was indicted and convicted, under the provisions of section 72 of the Penal Code of New York, for the crime of bribery, committed by him while a member of the common council of the city of New York. Pursuant to that provision of statute, he was sentenced to be imprisoned in the state prison for the term of nine years and ten months, two years of which term have already expired. The application for relief from that judgment at the hands of this court is based upon the proposition that section 72 of the Penal Code, with the force and effect given it by section 2143 of the consolidation act, under the decision of the court of appeals, is an *ex post facto* law, and therefore void, because contrary to the constitution of the United States. In considering this proposition it is to be observed that the question so earnestly discussed in behalf of the prisoner—whether section 58 of the consolidation act was made of no effect, and section 72 of the Penal Code, by section 2143 of the consolidation act, made the law in cases of aldermanic bribery in the city of New York—is not presented for the decision of this court by this application. The petitioner is not imprisoned by virtue of section 58 of the consolidation act, but by

virtue of section 72 of the Penal Code. The power of this court to relieve him from imprisonment therefore depends upon the validity of section 72 of the Penal Code, as given effect by the court of appeals. If that provision of the statutes of the state be valid, the prisoner cannot be released by this court, whatever may be the opinion of this court as to the correctness of the conclusion of the court of appeals (see *People* v. *Jaehne*, 8 N. E. Rep. 374) that the law applicable to the prisoner's case was to be found in section 72 of the Penal Code, and not in section 58 of the consolidation act. It is thus apparent that the question presented to this court by the present application relates to section 72 of the Penal Code, and to that alone. In determining the validity of that section, any construction given to it by the court of appeals is controlling; and the decision of the court of appeals in *O'Neill's Case*, where the indictment was under the same statute, must therefore be observed. *People* v. *O'Neill*, 16 N. E. Rep. 68. In that case the court of appeals declared that section 72 of the Penal Code was to be construed as prospective only in its operation. This construction, put upon a statute of the state by the highest court of the state, in the only case where the precise question has been distinctly presented, must be followed by this court on this occasion, under the familiar rule that the construction of a state statute adopted by the highest court of the state is regarded as part of the statute by the national courts. It may be added that, if the question whether section 72 of the Penal Code was prospective in its operation were open to decision here, no ground is discovered upon which to reject the construction adopted by the court of appeals, in view of the positive language of the Penal Code. Following that construction, and holding, as I am bound to hold, that the statute under which the prisoner is confined is prospective only in its operation, the question presented by the petitioner is reduced to this, namely, whether a statute in force at the time the offense was committed, which increases the punishment of that crime, but is prospective alone in its operation, is an *ex post facto* law. On that question there is nothing to be said. The motion for a writ of *habeas corpus* is denied.